NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONEL POSTON, | No. 22-15055 |
| Petitioner-Appellant, | D.C. No. 3:18-cv-03450-CRB |
| v. | |
| M. ELIOT SPEARMAN, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted August 17, 2023**
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and ANTOON,*** District
Judge.

Donel Poston appeals the district court's denial of his 28 U.S.C. § 2254

petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

and 2253(a), and we affirm.

We review de novo a district court's denial of a petition for a writ of habeas corpus. *Kipp v. Davis*, 971 F.3d 939, 948 (9th Cir. 2020); *see Scott v. Schriro*, 567 F.3d 573, 580 (9th Cir. 2009) (per curiam) (explaining that de novo review applies to denial based on a procedural bar). The deferential standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") govern our review of "any claim that was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d).

1.      A federal court may not grant relief on the merits of a state prisoner's federal claim when the state court denied it "based on an independent and adequate state procedural rule." *Ayala v. Chappell*, 829 F.3d 1081, 1095 (9th Cir. 2016). The California Court of Appeal found Poston's prosecutorial misconduct claim procedurally barred because Poston did not object to the alleged misconduct at trial. California courts recognize and consistently apply a contemporaneous objection rule. *See Fairbank v. Ayers*, 650 F.3d 1243, 1256–57 (9th Cir. 2011).

Poston asserts the ineffective assistance of trial counsel as cause to overcome the procedural bar. In this context, we review the ineffective assistance claim de novo. *Visciotti v. Martel*, 862 F.3d 749, 769 (9th Cir. 2016). Poston has not made the required showing. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). The prosecutor argued "reasonable inferences based on the evidence,"

2

including the video of the shooting at the gas station. *See United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993). The challenged conduct does not rise to the level of prosecutorial misconduct, and therefore, trial counsel was not deficient for failing to object. *See Zapata v. Vasquez*, 788 F.3d 1106, 1112 (9th Cir. 2015); *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) (explaining that the merits of the underlying claim "control the resolution of the *Strickland* claim"). Poston also fails to establish *Strickland* prejudice.

2. Poston alleges other instances of ineffective assistance of trial counsel as well.[1] AEDPA's deferential standard applies to the California Supreme Court's summary denial of review; therefore, Poston bears the burden of showing that there could have been no reasonable basis for the state court's decision. *See Harrington v. Richter*, 562 U.S. 86, 98 (2011); *see also* 28 U.S.C. § 2254(d)(1).

Prosecutorial Misconduct. The state court could have reasonably concluded that trial counsel was not deficient for failing to object to the prosecutor's conduct because it did not rise to the level of misconduct. *See Zapata*, 788 F.3d at 1112. The "[f]ailure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

---

[1] Under CALCRIM No. 3471, the court instructed the jury that "[a] person who engages in mutual combat or who starts a fight has a right to self-defense only if" he tried to stop fighting, he communicated that intent to the other person, and he gave "his opponent a chance to stop fighting."

Mutual Combat Jury Instruction.  The California Court of Appeal determined that the mutual combat jury instruction was appropriate under state law and supported by sufficient evidence.  Thus, the state court could have reasonably concluded that there was no basis for trial counsel to object to that instruction and that therefore counsel's failure to do so was not deficient.  *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) ("[T]he failure to take a futile action can never be deficient performance . . . .").  Assuming trial counsel was deficient for failing to object to, or request a modification of, the mutual combat jury instruction, the state court could have reasonably found no *Strickland* prejudice because based on the surveillance video, the jury could have rejected Poston's theory of self-defense even if trial counsel had successfully objected to the mutual combat jury instruction as applied to Poston.[2]  Poston has not shown a "reasonable probability" that the outcome of his trial would have been different had trial counsel objected to, or requested a modification of, the mutual combat jury instruction.  *See Strickland*, 466 U.S. at 689, 694.

---

[2] On direct appeal, the California Court of Appeal observed that the trial court instructed the jury that it decided the facts and that some instructions might not apply depending on its factfinding.  Thus, on post-conviction review, the state court also could have reasonably concluded that Poston was not prejudiced because the jury would have followed the trial court's instructions, and disregarded an instruction that did not apply to Poston based on the facts it found.  *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987) ("[J]uries are presumed to follow their instructions . . . .").

Lack of Trial Preparation. Even assuming trial counsel was deficient for failing to adequately prepare Poston to testify, the state court could have reasonably concluded that Poston failed to show prejudice. *See Harrington*, 562 U.S. at 98; *Strickland*, 466 U.S. at 694. Despite the alleged lack of preparation, Poston testified about the topics he identifies on appeal, including his "pimping" activity, his alleged control over his girlfriend, and his rap lyrics. Poston has not demonstrated a reasonable probability that the additional testimony he would have given at trial, had he been better prepared, would have led to a different outcome. *See Strickland*, 466 U.S. at 687, 694.

Corroborating Evidence. Poston argues that trial counsel was ineffective for failing to investigate. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.*

The state court could have reasonably concluded that trial counsel was not deficient for failing to investigate or discover evidence that was in Poston's possession—including his dictionary and his handwritten notes on documents he obtained from the law librarian—when nothing in the record suggested that counsel had any reason to know about that evidence. *See id.* The state court also

5

could have reasonably determined that no prejudice resulted from the failure to investigate whether a bullet from the co-defendant's gun struck the radiator on Poston's girlfriend's car. Even if the co-defendant's bullet hit the radiator, Poston has not shown a reasonable probability that but for counsel's failure to introduce evidence confirming that fact, the outcome of his trial would have been different. *See id.* at 694.

Expert on African American Vernacular English ("AAVE"). Poston argues that trial counsel was ineffective for failing to investigate and present expert testimony regarding AAVE to explain his rap lyrics and his use of certain words out of court. As in state court, he supports this claim with the declaration of Professor John Rickford describing his hypothetical testimony. In some criminal cases, "the only reasonable and available defense strategy requires consultation with experts or introduction of expert evidence." *Harrington*, 562 U.S. at 106. This is not such a case.[3] The state court could have reasonably concluded that trial

---

[3] This case is unlike the out-of-circuit cases Poston cites in which expert testimony on forensic evidence was critical. *See Woolley v. Rednour*, 702 F.3d 411, 423–25 (7th Cir. 2012) (holding that trial counsel fell below an objective standard of reasonableness when he failed to timely consult an expert regarding location of gunshot, which "went to the heart" of the defense); *Elmore v. Ozmint*, 661 F.3d 783, 863–66 (4th Cir. 2011) (holding that trial counsel was deficient for failing to consult a forensic pathologist on time of death when such evidence "was always and obviously vital to the State's case"); *Showers v. Beard*, 635 F.3d 625, 631–33 (3d Cir. 2011) (concluding that trial counsel was deficient for failing to consult expert regarding voluntary and involuntary ingestion of a bitter toxic substance, the "defining issue" in the case).

counsel's failure to present an AAVE expert was not objectively unreasonable. *Id.* at 105. Presenting an AAVE expert risked drawing more attention to Poston's AAVE statements by opening the door for the prosecution to further focus on the statements about which the proffered expert would have testified, or other statements that Rickford did not address in his declaration. *See id.* at 107; *see also Cullen v. Pinholster*, 563 U.S. 170, 201 (2011) (explaining that presenting certain evidence may invite rebuttal evidence).

Expert on African American Culture. Poston asserts that trial counsel was ineffective for failing to investigate and present expert testimony to explain that it is "not uncommon for urban African-American people to arm themselves for self-defense" or to "flee the police even when they have committed no crime." The state court could have reasonably determined that trial counsel's failure to present a cultural expert was not objectively unreasonable. The expert's proffered testimony regarding why Poston might have carried a gun was of little value because the prosecution did not argue that simply possessing a gun demonstrated consciousness of guilt. Instead, the prosecutor argued that "dump[ing] the gun" after the shooting was relevant to that showing. Additionally, expert testimony was not necessary to explain why Poston was armed because both Poston and his girlfriend testified that Poston had been shot in his own home and thus carried a gun for protection. Trial counsel was not deficient for failing to present

duplicative evidence. *See Harrington*, 562 U.S. at 107 (explaining that trial counsel is entitled "to balance limited resources" in accordance with "trial tactics and strategies").

Regarding Poston's possible reasons for fleeing from the police, trial counsel could have reasonably concluded that expert testimony on that topic was either unnecessary or harmful. *See id.* at 108 (stating that counsel "need not pursue an investigation that would be fruitless, much less one that might be harmful to the defense"). Poston agreed that he ran from police because he "knew what [he] did was wrong." Offering more testimony on this issue could have drawn more attention to Poston's flight. *See id.* Thus, the state court could have reasonably concluded that trial counsel was not deficient for failing to present a cultural expert to testify about Poston's gun possession or flight. *See id.* at 107–08.

3.    We decline to expand the certificate of appealability to include Poston's uncertified claim of cumulative error because he has not made a "substantial showing of the denial of a constitutional right." *Dixon v. Ryan*, 932 F.3d 789, 808 (9th Cir. 2019) (quoting 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Poston's prosecutorial misconduct claim is procedurally barred and therefore there is no trial error to accumulate. *See Noguera v. Davis*, 5 F.4th 1020, 1052 (9th Cir. 2021). Additionally, because the state court could have reasonably concluded that trial counsel was not ineffective,

8

there were "no error[s] of constitutional magnitude" to accumulate. *Hayes v.*

*Ayers*, 632 F.3d 500, 524 (9th Cir. 2011).

**AFFIRMED.**